In the Matter of the Construction of the Will of DANIEL HUNT, Deceased.

HOBART P. HUNT and Another, Individually and as Executors, etc., of DANIEL HUNT, Deceased, Appellants; RAYMOND FRANCIS CHANDLER, an Infant, etc., and Another, Respondents.

Second Department, November 16, 1923.

Wills — construction — property was devised to testator by his brother for life with remainder to testator's children — two of children died leaving issue, one died without issue and her share went to testator — testator devised all his property to his two sons after stating that he did not leave anything to children of deceased remaindermen — testator did not die intestate as to share descending to him from deceased remainderman who died without issue.

The testator's brother devised property to the testator for life with remainder over to the testator's children. At the time of the death of the brother, the testator had five children. Two of the children died intestate prior to the death of the testator, leaving issue, and one died intestate without issue and the interest of that child passed to the testator. The testator in his will recited that whereas each of his grandchildren, the children of the deceased remaindermen, would be entitled to " one-fourth " of the property held by him as life tenant, he omitted to make any provision for them; he then devised all of his property to his two sons.

*Held*, that it must be presumed that the testator knew that he was possessed of a one-fifth interest in the residuary estate of his brother, and that in referring to the interest of his grandchildren in that estate as being " one-fourth " he made a mistake. As the law presumes that he intended to dispose of all of his property by his will, it will be held that he disposed of the said one-fifth interest and did not die intestate as to that interest.

APPEAL by Hobart P. Hunt and another, individually and as executors, etc., from a decree of the Surrogate's Court of the county of Westchester, entered in the office of said Surrogate's Court on the 23d day of March, 1923, construing the will of Daniel Hunt, deceased.

Harrison Hunt, the brother of Daniel Hunt, upon his death, left his residuary estate, amounting to about $90,500, to his brother Daniel, for life, with remainder over to Daniel's children. At the time of the death of Harrison Hunt, Daniel had five children, Cecelia Hunt Chandler, Laura Hunt Bell, Hattie Hunt, and the appellants here, Hobart P. Hunt and Harrison G. Hunt, each of whom, it is conceded, acquired a vested remainder in one-fifth of the residuary estate of Harrison Hunt, subject to the life estate of their father, Daniel. Cecelia Hunt Chandler died intestate in 1909, leaving her surviving a son, Raymond Francis Chandler, one of the petitioners, as her sole heir at law and next of kin; Laura

Hunt Bell died intestate in 1907, leaving her surviving a son, John Albert Bell, Jr., who also died intestate in 1919, leaving him surviving his father, John Albert Bell, the other petitioner, as his sole heir at law; Hattie Hunt died intestate and without issue, in 1896, leaving her surviving her father, Daniel, as her sole heir at law. The interest of Cecelia Hunt Chandler upon her death passed to her son, Raymond Francis Chandler; upon the death of Laura Hunt Bell, her interest passed to her son, and upon his death, to his father, John Albert Bell, while the interest of Hattie Hunt upon her death passed to her father, Daniel.

*Thomas Holden, Jr.* [*Henry K. Heyman* with him on the brief], for the appellant Hobart P. Hunt, individually and as executor, etc.

*Baruch & Rosan,* for the appellant Harrison G. Hunt, individually and as executor, etc.

*Arthur R. Wilcox,* for the respondents Chandler and Bell.

RICH, J.:

The learned surrogate has found that as to the one-fifth interest in the residuary estate of Harrison Hunt, which was vested in Hattie Hunt, and which descended to her father, Daniel, upon her death, Daniel died intestate (116 Misc. Rep. 23); and this appeal presents for our consideration and construction paragraphs first and second of the will of Daniel Hunt, deceased, which read:

" *First.* Whereas, my grandchildren Albert Bell, Jr., and Raymond Chandler, will, upon my death, be each entitled to one-fourth of the property devised and bequeathed by the will of my brother, Harrison Hunt, to me for life, with remainder to my children; and, whereas, my two sons are living and working with me and helped me to accumulate my property, I have omitted in this my will to further provide for the two grandsons.

" *Second.* All property, real, personal or mixed, wheresoever situated, which at the time of my death may belong to me or be subject to my disposal by will, I give, devise and bequeath unto my two sons, Hobart Park Hunt and Harrison G. Hunt, absolutely, equally, to be divided between them."

In the first place it is necessary and quite proper that we should indulge in the presumption that at the time of making his will he knew the nature and condition of his property, and that he was possessed of the one-fifth interest in the residuary estate of Harrison Hunt, which descended to him upon the death of his daughter, and it is reasonable to suppose that in speaking of the interest of his grandchildren in the estate of his brother Harrison as being one-fourth instead of one-fifth each, he made a mistake. The law presumes that he intended to dispose of all of his property

by this will and that he did not intend to die intestate as to any portion of his estate. (*Smith* v. *Dugan*, 145 App. Div. 877; affd., 205 N. Y. 556.) We are of the opinion that he intended to devise all of his property by the second paragraph of his will to his sons, Hobart P. and Harrison G. Hunt.

It follows that the decree of the Surrogate's Court should be reversed upon the law, with one bill of costs to appellants, payable out of the estate.

Kelly, P. J., Jaycox, Manning and Young, JJ., concur.

Decree of the Surrogate's Court of Westchester county reversed upon the law, with one bill of costs to appellants, payable out of the estate. Settle order on notice.