In the Matter of the Application of JOHANNA J. EGAN, as Executrix, etc., of WINIFRED BUCKLEY, Deceased, for a Construction of Paragraph Third of the Last Will and Testament of WINIFRED BUCKLEY, Deceased.

Surrogate's Court, Bronx County, November 9, 1929.

*William T. Mulcahy*, for the petitioner.

*William F. McGuinness,* special guardian.

Schulz, S.   The question presented is the construction of the last will and testament of the decedent.   The part of the instrument as to which uncertainty is alleged, is as follows:

" at My Death I leave my Property at 2248 Bathgate ave. New York, to My three Children

> " Johanna J. Egan.
> " Margaret I. Conway
> " John M. Buckley.

" I also wish that said Property is not to be sold unless all are willing.   If My Son John Should Die before his Wife Emily his share of said Property is to revert back to the Estate."

The document is written upon a piece of letter paper evidently by one unfamiliar with the preparation of wills, and this must be borne in mind in construing it.

The intent of the decedent must be ascertained from a reading of the entire document and must be fairly discernible from the words used.   (*Matter of Silsby*, 229 N. Y. 396, 402; *Matter of Buechner*, 226 id. 440, 444; *Matter of Pulis*, 220 id. 196, 202.)

An absolute devise or bequest in a will should not be limited or cut down by subsequent provisions, unless the language used is as clear as that granting the devise or bequest.   (*Banzer* v. *Banzer*, 156 N. Y. 429, 435; *Washbon* v. *Cope*, 144 id. 287, 297.)

A construction that would result in intestacy should be avoided if the language of the document permits.   (*Waterman* v. *N. Y. Life Ins. & Trust Co.*, 237 N. Y. 293; *Matter of Kenny*, 224 App. Div. 152, 157; affd., 250 N. Y. 594; *Matter of Hunt*, 207 App. Div. 127; affd., 237 N. Y. 613.)

Where a will provides that a legacy or devise shall fail upon the death of the beneficiary, unless there is something in the document to indicate a contrary intent, it is construed to mean the death of the beneficiary during the life of the testatrix.   (*Matter of N. Y., L. & W. R. Co.*, 105 N. Y. 89; *Matter of Cramer*, 170 id. 271, 275;

*Matter of Martin,* 225 App. Div. 502; *Stokes* v. *Weston,* 142 N. Y. 433.)

Applying the law as enunciated in the foregoing cases, I am satisfied that this decedent intended to devise the property in question to her three children, and that she did not wish the wife of her son, John, to share therein. Her desire evidently was to give the three children equal shares in the property. I do not believe that she intended to give her son, John M. Buckley, an estate only for life or subject to being divested in case of his death before that of his wife. Certainly the words which might make such a construction possible are not as clear and definite as the absolute devise which precedes them. The decedent, in my opinion, meant that in case of the death of her son, John, before her death leaving his wife surviving, what would have been his share of the property was to revert back to the estate.

If his estate was subject to being divested by his wife's prior death, then the decedent has made no distribution of the remainder and would have died intestate as to such remainder.

The words " I also wish that said property is not to be sold unless all are willing," are construed as being merely precatory. (*Post* v. *Moore,* 181 N. Y. 15; *Phillips* v. *Phillips,* 112 id. 197.)

I find that the contention of the petitioner as set forth in his brief is the correct one, and hold that at the death of the decedent the property mentioned vested absolutely in the three children of the decedent named.

Costs to the petitioner and an allowance to the special guardian. Submit decision and decree accordingly.