In the Matter of the Construction of the Will of GUSTAV STEPHAN, Deceased.

Surrogate's Court, Richmond County, June 26, 1950.

*Thomas Schleier,* as administrator *c.t.a.* of Gustav Stephan, deceased, petitioner in person.

*Wingate & Cullen* for Charles Stephan, respondent.

*William Ryan* and *L. W. Widdecombe* for Lucy Kowell, respondent.

*John A. Cosgrove* for William Stephan and others, respondents.

BOYLAN, S. This is a proceeding for the construction of the will of decedent insofar as it purports to dispose of his house and land appurtenant thereto; his workshop and likewise land appurtenant thereto; the contents of his house and workshop and a " Workmen's Sick and Death Benefit Fund of the United States of America " death benefit certificate.

The material portions of the will read as follows: " In gratitude for tender care in my declining years, and for faithful housekeeping, I bequeath my house to my daughter, Lucy Dawson, to share the same with my son Charles Stephan. My workshop will be kept by my son William Stephan.

"After all my cremation expenses are paid, all what is left from my savings in the " Franklin Society ", 217 Broadway, New York City, " Corn Exchange Bank, Fulton and Pearl Streets, New York City, "Prudential Life Insurance Company, and " Workmen's Benefit Fund " shall be divided to all my children; Lucy Dawson, William Stephan, Elsie Stanecker, Charles Stephan, Edwin Stephan, Herman Stephan, Irene Baranoski."

With the exception of the Prudential Life Insurance policy, the decedent owned, at the time of his death, all of the items specifically set forth in the will and, in addition thereto, the land upon which both the house and workshop were erected together with the contents of both.

Lucy Kowell (formerly Lucy Dawson) contends that the devise of the house to her is an absolute gift in fee and cannot be cut down nor limited by subsequent words which would reduce the devise (*Matter of Blanch,* 126 Misc. 421; *Clarke* v. *Leupp,* 88 N. Y. 228; *Tillman* v. *Ogren,* 227 N. Y. 495). Her brother, Charles Stephan, contends that the devise is to both of them as tenants in common.

It is true that, where there is an absolute gift of real or personal property, in order to qualify it or cut it down the latter part of the will should show equally clear intention to do so by use of words definite in their meaning and by expressions which

must be regarded as imperative (*Clay* v. *Wood*, 153 N. Y. 134; *Matter of Gardner*, 140 N. Y. 122; *Roseboom* v. *Roseboom*, 81 N. Y. 356; *Post* v. *Moore*, 181 N. Y. 15; *Tillman* v. *Ogren, supra*). An absolute estate by its very definition is repugnant to any qualification or gift over to a third person, and consequently the courts will not tolerate an apparently unqualified estate to be modified or qualified unless the intent is clear and definite (*Matter of Rooker*, 248 N. Y. 361; *Banzer* v. *Banzer*, 156 N. Y. 429; *Trask* v. *Sturges*, 170 N. Y. 482; *Weber* v. *Kress*, 198 App. Div. 687). It is also true that the principles and objects of the testator must be gathered from the four corners of the will and not from some isolated or detached sentence or particular expression. The entire instrument must be read as a whole and the different provisions reconciled and harmonized if possible (*Fell* v. *McCready*, 236 App. Div. 390, affd. 263 N. Y. 602). The intent must be gathered from the whole will with context and cognate gifts shedding light upon the meaning (*Matter of Evans*, 234 N. Y. 42). All the parts and provisions of a will are to be construed in relation to each other so as, if possible, to form one consistent whole which will operate together. Contradictory clauses should, if possible, be reconciled accordingly (*Matter of Title Guar. & Trust Co.*, 195 N. Y. 339).

In the case at bar the contention of Lucy Kowell cannot be sustained on the theory that a previous absolute gift was reduced by a subsequent limitation less clear in meaning and intention for the reason that all of the words are used in the same sentence and taken together show a clear intention on the part of the testator to give his house to his daughter, Lucy, and his son, Charles, as tenants in common. Independently of this construction, Lucy and Charles would be tenants in common pursuant to the provisions of section 66 of the Real Property Law which reads as follows: " Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy; but every estate, vested in executors or trustees as such, shall be held by them in joint tenancy."

When the testator devised his house to Lucy and Charles and his workshop to William, what part of the land was devised therewith? The plot upon which the house is erected was purchased by deed dated April 24, 1911, and is forty feet in front and rear and approximately 120 feet deep on both sides. The plot upon which the workshop is erected was purchased by deed dated July 16, 1915, is twenty feet in front and rear and approximately 120 feet on both sides. It adjoins the " house " property

on the southerly side. There is a row of flowers, bushes or hedges on the line where these two parcels adjoin. William is the owner of a house and land appurtenant thereto which adjoins on the southerly side the plot where the workshop is erected. The proof shows that William is the only mechanic amongst the four sons and had been trained by the decedent as a carpenter and cabinet maker. They had been partners and William had helped the decedent construct his own home and workshop.

The decedent was born in Germany and migrated to this country many years ago. In bequeathing the workshop to William, the testator used the words " will be kept ". The English meaning of the verb " to keep " is to hold, to maintain, retain, reserve or withhold. The German word for " keep " is " haben " and the meaning of " haben " is held, have, keep, possess or own.

The devise of a dwelling house and workshop sufficiently definite and certain to afford means of identification thereof, passes title to all of the ground covered by the house and workshop and such additional and adjacent lands of the testator as were used in connection with the house and the workshop on the date of the execution of the will and is necessary for the reasonable use and enjoyment thereof in the absence of a clear and unambiguous expression of intention to the contrary. (*Matter of Brown,* 119 Cal. App. 195; *Massachusetts Audubon Soc.* v. *Ormond Vil. Improvement Assn.,* 152 Fla. 1; *Dudley* v. *Milton,* 176 Mass. 167; *Marston* v. *Stickney,* 58 N. H. 609; *Hartfield* v. *Pennsylvania Co.,* 89 N. J. Eq. 45; *Broadhurst* v. *Mewborn,* 171 N. C. 400; *Gilbert* v. *McCreary,* 87 W. Va. 56.)

The court concludes that the testator intended to devise to Lucy and Charles the property described in deed dated April 24, 1911, and recorded in the Richmond County Clerk's Office in Liber 395 of Deeds, page 7, on July 26, 1911; and further intended to devise to William the property described in deed dated July 16, 1915, and recorded in the Richmond County Clerk's Office in Liber 430 of Deeds, page 87 on July 26, 1915.

When the testator devised the house to Lucy and Charles and the workshop to William, did he intend to include the contents of the house and workshop? If two interpretations of a will or a specified portion thereof are possible, that interpretation is to be preferred which will avoid either a total or a partial intestacy (*Waterman* v. *New York Life Ins. & Trust Co.,* 237 N. Y. 293). This cannon of interpretation is predicated upon the presumption that a testator who executed his will intended to dispose of

his entire property (*Matter of Jaycox,* 233 App. Div. 67, affd. 258 N. Y. 587; *Matter of Rossiter,* 134 Misc. 837, affd. 229 App. Div. 730, affd. 254 N. Y. 583; *Matter of McGowan,* 134 Misc. 409, affd. 228 App. Div. 779, affd. 254 N. Y. 513; *Matter of Hunt,* 207 App. Div. 127, affd. 237 N. Y. 613; *Matter of Weissmann,* 137 Misc. 113, affd. 232 App. Div. 698; *Nicholas* v. *Farmers' Loan & Trust Co.,* 224 App. Div. 540; *West* v. *West,* 215 App. Div. 285). This will does not contain a residuary clause. It has been argued frequently that the presumption against intestacy will not prevail where the will contains no residuary clause. Authority, however, is to the effect that the absence of a residuary clause gives rise to a presumption that the testator thought that he had made a complete disposition of his entire estate by the will and that such was his intention. (*Matter of McGowan, supra; West* v. *West, supra; Ward* v. *Stanard,* 82 App. Div. 386; *Matter of Kavanagh,* 133 Misc. 399; *Matter of Faust,* 83 Misc. 250; *Matter of Richards,* 150 Misc. 102.) It is significant to note that the testator used the word " workshop " when other words of description could have been readily used. It is also to be observed that the testator disposed of every item of property he owned at the time of his death and specifically mentioned each item excepting the contents of the house and workshop. It is difficult to conclude that the testator intended to give Lucy and Charles the house in which he and Lucy had lived for many years and, Charles at intervals, without any furnishings whatsoever. The same observation might be made regarding the gift of the workshop to William who had worked with him in the shop for many years.

The court concludes that when the testator used the words " my house " he intended to include its contents, and when he used the word " workshop " he intended likewise to include its contents.

The decedent provided " Workmen's Benefit Fund shall be divided to all my children ". The fund has already been paid to Lucy as the designated beneficiary. The certificate issued by " Workmen's Sick and Benefit Fund of the United States of America " states that Lucy Dawson, his daughter, shall be entitled to receive the sum of $250 subject to the conditions contained in the testamentary disposition signed by said member. The words testamentary disposition do not mean the will of the decedent but have reference to a paper so described by the " Fund " for a change of beneficiary and annexed to the petition herein.

Since the decedent did not change the beneficiary in accordance with the constitution and by-laws of the fund, the court holds that his attempt to change the beneficiary by his will was ineffectual and that Lucy is entitled to retain the $250. .

Enter decree in accordance herewith.