AETNA LIFE INSURANCE COMPANY, Plaintiff, *v.* ELIZABETH STER-
LING et al., Appellants, and REBECCA GREENBERG, Respondent.

First Department, February 8, 1962.

*Daniel J. Madigan* of counsel (*Burton B. Turkus,* attorney),
for appellants.

*Leonard R. Glass* of counsel (*Harold Greenberg* with him on
the brief; *Glass & Greenapple,* attorneys), for respondent.

*Per Curiam.* Deceased was the holder of a certificate in the
sum of $5,000 of a group insurance policy, as an employee of
Shearson, Hammill & Company. Her daughters, the defendants
Sterling, were the beneficiaries. Upon leaving her position,
deceased was notified by the insurer that her participation in
the group policy would expire May 1, 1960, but that she had the
option to replace the participation with an individual life policy
in the sum of $2,000. She made an application for such a policy,
paid the first premium and named her mother, the defendant
Greenberg, as beneficiary of this new policy. She died on April
25, 1960, while the certificate was still in effect. The daughters
and the mother of deceased made claim to the proceeds. The
insurer has paid the proceeds, some $5,216, into court, and the
claimants both moved for summary judgment.

It is true that, where no issue exists between the insurer and the claimed beneficiary, the terms or conditions of the policy in regard to change of beneficiary need not be complied with (*Considine* v. *Considine,* 255 App. Div. 876). This does not mean that in any situation where the insurer declines to choose between rival claimants and pays the proceeds into court the court should make a disposition based on which of them the court finds that the deceased would have preferred to receive the proceeds. There must be an act or acts designed for the purpose of making the change, though they may fall short of accomplishing it. Mere intent is not enough (*Fink* v. *Fink,* 171 N. Y. 616). Here, the deceased made no effort to change the beneficiary of the certificate. What she did was to name a different beneficiary for a different policy, which would replace the certificate. In the light of her acts, speculation on her general intent is neither profitable nor permissible.

The order in favor of defendant Greenberg should be reversed on the law, with costs, and the cross motion for summary judgment in favor of defendants Sterling granted.

BREITEL, J. P., RABIN, McNALLY, STEVENS and STEUER, JJ., concur.

Order entered on November 28, 1961 unanimously reversed, on the law, with $20 costs and disbursements to the appellants, the motion for summary judgment denied, and the cross motion for summary judgment granted, with $10 costs.