William J. Regan, S.
In this accounting proceeding certain objections have been filed to the account of the executor. The first of these objections was resolved by stipulation between the parties. The remaining objections deal with the payment of proceeds of two life insurance policies which respondent contends should be included in the account as assets of the estate to be applied to funeral expenses.
At the time of testator’s death the beneficiary named in each of the life insurance policies in question was his son, Edward Ziolkowski.
By the provisions of his will testator provided:
‘ ‘ third. I direct the Polish Union of America to pay the proceeds of the life insurance to my executor for the purposes of paying part of the funeral expenses.
‘ ‘ fourth. I designated my son, Edward Ziolkowski, and my daughter, Bronislawa Pietrzak, beneficiaries in a life insurance policy with the Prudential Insurance Company in the sum of One Thousand ($1,000.00) Dollars with the understanding between them that they will use the proceeds of said insurance policy to pay the balance of my funeral expenses, and the residue of the proceeds of said policy shall be divided equally between my son, Edward Ziolkowski, and my daughter, Bronislawa Pietrzak. ’ ’
It is respondent’s claim that testator’s intent, as expressed in the above provisions of his will, should control the ultimate disposition of the proceeds in question. The argument is advanced that the named beneficiary is the executor of the estate and hence may not take individually in the absence of a clearly expressed intent.
Such contention could not properly apply to the facts developed before this court. There is nothing before this court to indicate that the proceeds of the insurance policies were to be paid to Edward Ziolkowski in a representative capacity. The attempt to restrict the payment of the insurance proceeds by testamentary disposition is ineffectual and is not binding on the insurance company. (Pruchnowski v. Prudential Ins. Co., 270 N. Y. 530; Fink v. Fink, 171 N. Y. 616.)
Certainly it would be an unfair burden to require an insurance company to ascertain the existence or nonexistence of any extraneous agreements or testamentary dispositions possibly *754 made by the insured during his lifetime without notice to the insurance company. In order to validly effect a change of beneficiary by testamentary provision such method must be authorized by the insurance contract. The agreement between the insured and the company gives rise to a contractual obligation not to be changed, cancelled, annulled or modified except by the express provisions of the agreement itself. (Ralph v. Equitable Life Assur. Soc. of U. S., 46 N. Y. S. 2d 957.)
It is accordingly the decision of this court that the policies in question are payable to the named beneficiary, Edward Ziolkowski, and as such shall not be considered estate assets required to be included in this accounting.