Otto C. Jaeger, S.
This is a proceeding for the construction of decedent’s will.
During his life and at the time of his death the decedent was a member of his employer’s retirement plan. On March 7, 1959 he designated his wife (who survived him) as primary beneficiary in the event of his death, on the form provided for that purpose. No subsequent designation was ever made or filed in accordance with the provisions of the plan. However, in paragraph “ fifth (a) ” of his will, the decedent directed that “ any funds which may be available from my pension fund with * * * my employer * * * be paid to my executors * * * for the purpose of using such funds either to pay off the existing mortgage on my residence or to reduce same ”. He then directed that any excess of pension funds over the amount necessary to discharge the mortgage was to become part of the corpus of the trust created under paragrph “ fourth ” of his will.
The provisions of the will are unambiguous and require no construction. The sole issue is whether they constitute an effective disposition of the property in question.
The right to dispose of property by will is conferred by statute (EPTL 3-1.1). This right, however, is limited by EPTL 13-3.2 which provides that no statute or rule of law governing the transfer of property by will, gift or intestacy shall impair or defeat the rights of beneficiaries of pension, retirement, profit-sharing or other specified benefit plans. It follows that' the right of a person entitled to receive money or other property pursuant to such a plan may not be defeated by a testamentary disposition.
Rights under a retirement plan are contract rights and are limited by the provisions of the contract (Gitelson v. Du Pont, 17 N Y 2d 46, 48). Section 8.05 of the plan involved here provides that each member from time to time may name any person or persons to whom the balance of his account is to be paid in case of death and that each designation will revoke all prior designations and 1 ‘ will be on a form provided by the trustees for that purpose and will be effective only when filed in writing with the trustees.”
The decedent designated his wife as beneficiary in accordance with the provisions of the plan. Since a testamentary change of beneficiary is unauthorized by the plan, the attempt to do so in paragraph “ fifth (a) ” of the will was ineffectual (Matter of Ziolkowski, 47 Misc 2d 752; Matter of Stephan, 199 Misc. 118).