William F. Hahn, Jr., S.
During the pendency of his accounting proceeding as administrator c. t. a. of the estate of Julia A. Schermerhorn, the petitioner filed a petition for construction asking the court to determine the extent of the devise to him contained in paragraph “ second” of decedent’s will.
The paragraph reads as follows: ‘ second. I give, devise and bequeath to my grandson, simón john- schermerhorn, all my General Electric Company stock, all my Mohawk National Bank stock, all my General Motors stock and also my residence and its contents on Campbell Road, in the Town of Rotterdam, County of Schenectady and State of New York, except that I give, devise and bequeath the Inlaid Hepplewhite Mahogany table in my dining room to Frances W. Sevits, who has been very kind to me over the past five (5) years.”
At the dates of the execution of her will and her death the decedent owned and occupied a completely furnished house situated on property located in the Town of Rotterdam, Schenectady County, N. Y. Located in the rear of the dwelling is a detached two-stall garage. For tax purposes the Town of *746 Rotterdam had for many years assessed the decedent’s property as two parcels. The dwelling and garage are situated on a parcel listed on the tax rolls as 50 by 150 feet fronting on a highway known as Campbell Road. The other parcel adjoins to the rear and is listed aá 33 acres of land with a house and barn. For over 30 years the second parcel has been rented to a tenant farmer for farm purposes. The first parcel will hereinafter be referred to as the residential property and the second as the farm property. Both parcels and additional land were acquired in one deed by the decedent in 1918 without being separately described. Portions of the property were sold off over the years and also some of the property was repurchased.
The petitioner contends that the decedent intended to devise to him both parcels of land with the buildings thereon. If he fails in his contention the farm property and buildings thereon will pass under the residuary clause to the sole residuary legatee, the Second Reformed Church of Rotterdam, commonly known as the Cobblestone Reformed Church. If he succeeds in his contention the only property to pass to the church under the residuary clause will be two vacant lots situated near the Sacandaga Reservoir and valued at $500 in estate tax proceedings. The church has appeared in this proceeding and contends that it was the intention of the testatrix to devise the farm property to it.
A stipulation of facts was filed and a hearing was had during which the court heard testimony bearing on the intentions of the testatrix. Opposing counsel thereafter submitted briefs.
This court after careful consideration of the stipulated facts, the evidence adduced at the hearing and the authorities submitted by counsel finds and concludes that the testatrix intended to devise to the petitioner only the parcel known as the residential property.
The testimony of witnesses produced by the petitioner as to declarations of intention made by the testatrix was credible but too indefinite. Those factors most controlling upon the court’s decision were that the testatrix was accustomed to look upon her property as two separate parcels of land. She received separate tax bills for them and paid taxes on them as separate parcels. She rented out the farm property for over 30 years. According to the stipulation of facts, testatrix maintained the resident property, which land was kept in customary order by keeping the grass cut and maintaining flowers and shrubbery incidental to residential use.” This established separate identities and uses in her mind for the two parcels. Therefore, when *747 she used the word ‘ ‘ residence ’ ’ she meant the land under the dwelling and identified with it to the exclusion of land which was used otherwise. (Matter of Stephan, 199 Misc. 118.)
The testatrix made the Cobblestone Reformed Church her sole residuary legatee. With her active participation in church affairs for many years it is inconceivable that she would cut her church off with a legacy of two vacant lots of dubious value. If she had intended that the church should receive a small legacy she undoubtedly would have given them a cash bequest in the second paragraph of her will and named the petitioner as residuary legatee. The petitioner, as her favored grandson, fares very well, notwithstanding this decision, over his brothers.
With the farm property passing to the Cobblestone Reformed Church pursuant to this decision it is incumbent upon the church to contribute the moneys needed for administration expenses to obviate the sale of the farm property to raise the necessary funds.
The peitioner is authorized to execute a deed to himself of the residential property.
Counsel seeking allowances are requested to file affidavits of services.
There being no objections to the petitioner’s account it is judicially allowed and settled as filed. A question has been raised as to commissions which can be hereafter resolved prior to the entry of the decree.