■ In the Matter of the Estate of GALE JACCOMA, Deceased. BARBARA J. GARDNER et al., Respondents; BERNARDINE J. LA MANTIA, as Executrix of GALE JACCOMA, Deceased, Appellant. —Mercure, J. Appeal from an order of the Surrogate's Court of Columbia County (Zittell, S.), entered November 4, 1987, which granted petitioners' application to direct respondent to pay the proceeds of decedent's employee benefits to petitioners.

Decedent was an employee of Chase Manhattan Bank at the

time of her death. She subscribed to two employee benefit plans, a group life insurance policy and a "thrift incentive plan". Decedent changed the beneficiary of the thrift incentive plan in March 1978, naming respondent and her brother, Edward H. Jaccoma, as cobeneficiaries, and she changed the beneficiary of her life insurance policy in October 1976, naming respondent as the sole beneficiary. By will executed in May 1981, decedent made a testamentary disposition of "the proceeds of [her] Employee Benefits Account at the Chase Manhattan Bank" in favor of those of the five named nieces and nephews who were living at the time of her death. Decedent died in December 1985. Petitioners are the five children of Edward H. Jaccoma, the nieces and nephews identified in decedent's will, all of whom were living at the time of decedent's death. In February 1986, Surrogate's Court appointed respondent executrix of decedent's estate.

Chase Manhattan Bank notified respondent that she was the sole beneficiary of decedent's life insurance policy and a cobeneficiary of decedent's thrift incentive plan and paid the appropriate portions thereof to her in 1986. It also paid one half of the thrift incentive plan to Edward H. Jaccoma, as a named beneficiary. It is alleged that Edward H. Jaccoma distributed this money to petitioners in order to effectuate decedent's intent as reflected in her will. Petitioners asked respondent to similarly distribute the proceeds of the life insurance policy and her one half of the proceeds of the thrift incentive plan to them. She declined and this proceeding was commenced by petitioners to compel respondent, as executrix, to turn the funds over to them in alleged compliance with the will. Surrogate's Court rejected respondent's procedural objections to the proceeding and, reaching the merits, ruled in favor of petitioners, determining that "[w]hen the insurer or custodian of a corporate investment plan can be protected from the peril of multiple payments of the same claims and all of the parties are before the court, the clear and unambiguous language of a bequest of insurance and investment proceeds should be given effect over designations made years before the will was made". Accordingly, Surrogate's Court ordered respondent to pay the proceeds of the life insurance policy and thrift incentive plan to petitioners "in accordance with the provisions of paragraph EIGHTH of the will, together with interest". This appeal ensued.

The central question before us is whether decedent could change the beneficiary of her life insurance policy and thrift incentive plan by language in her will when Chase Manhattan

Bank had specific procedures designated for that purpose. Because we feel, at least under the circumstances present here, that the change of beneficiary designations could not be effected by decedent's will, we reverse.

The analysis must begin with the presumption that "[a]s long as the proceeds of a life insurance policy are paid to a named beneficiary * * * the decedent cannot transfer proceeds by will" (7 Warren's Heaton, Surrogates' Courts § 10, at 4-55—4-56 [6th ed]). The reason for this rule is that designation of the beneficiary of the policy is a matter of contract between the employer and its employee. As part of the bargain, the employee agrees to change the beneficiary only pursuant to the procedures outlined in the policy, and these procedures generally will either expressly prohibit a change in beneficiary by testamentary disposition or impliedly prevent such mode of change by setting forth conditions to effect the change which cannot be met by a statement in a will (see, 7 Warren's Heaton, Surrogates' Courts § 9, at 4-21—4-22 [6th ed]; see also, Kane v Union Mut. Life Ins. Co., 84 AD2d 148, 151-152, appeal dismissed 57 NY2d 956). The named beneficiary is entitled to the proceeds as a matter of contract law.

In this case, the employer had a clearly stated procedure for changing the beneficiary of its life insurance benefits: "The Employee may change the beneficiary from time to time by written request filed with the Employer, but any such change shall take effect only upon its entry by the Employer on the insurance records maintained by the Employer". Although the record is not entirely clear, the thrift incentive plan appears to have had a similar requirement. On the "change of beneficiary" form that decedent used to name respondent and Edward H. Jaccoma as beneficiaries appears the printed clause, "I [employee] reserve the right to designate a new Beneficiary in substitution for the Beneficiary named above by filing the proper form with the Compensations Operations Department".

Since Chase Manhattan Bank was given no notice of the purported change of beneficiary to petitioners, the will clearly did not conform with the bank's written procedures. This being the case, the next inquiry is whether the bank waived its right to insist that decedent change her beneficiaries according to its written procedures. Courts have found an employer to have waived this right when it becomes a stakeholder, depositing the proceeds of the policy or fund into court and allowing the claimants to settle their dispute among themselves (see, Kane v Union Mut. Life Ins. Co., supra, at

154; *see also, Aetna Life Ins. Co. v Sterling,* 15 AD2d 334, *affd* 11 NY2d 959; *Considine v Considine,* 255 App Div 876; *Fuller v Kent,* 13 App Div 529). Chase Manhattan Bank took no such action here. Rather, it promptly paid the proceeds to the named beneficiaries, in strict conformity to its contract and in direct contradiction to a finding of waiver.

In our view, the uncontroverted evidence before Surrogate's Court compelled a finding that Chase Manhattan Bank had a written procedure regarding change of beneficiary designations, that it was entitled to and did require strict conformity therewith and that it did not waive that right by taking on the role of a stakeholder. Since these funds were not part of the probate estate, respondent did not violate her responsibility to the beneficiaries named in the will. This determination renders academic consideration of the claim that the petition was procedurally defective.

Order reversed, on the law, without costs, and petition dismissed. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.