OPINION OF THE COURT
Renee R. Roth, S.
At issue in this proceeding is whether the beneficiary of an individual retirement account (IRA) may be changed by a designation of a different beneficiary by testator in his will.
Testator, James Bruce Morse, died on May 27, 1989 survived by his parents.
*416 Prior to his death, Mr. Morse had created IRA accounts at two brokerage houses. In 1983, he created account No. NY 64789686 at Charles Schwab naming as his designated beneficiaries in the event of his death his mother Mrs. James E. Morse and a friend Jacob Restrick. In 1985, he created account No. 021234096683 at Fidelity Service Co. naming Maureen Mangiardi as his designated beneficiary in the event of his death.
However, in Article sixth of his will (dated Jan. 4, 1989) testator disposed of both such accounts (in addition to several others not at issue here), designating each by name and number, to the Sansum Medical Research Foundation (the Foundation), the principal beneficiary of his substantial estate.
In this proceeding, the executrix seeks advice and direction with regard to the two IRA accounts, naming as respondents the original designated beneficiaries of such accounts as well as the Foundation, the testamentary beneficiary thereof.
Although this issue has not been the subject of judicial comment, similar disputes have arisen over ownership of other death benefits, viz., Totten trust accounts and life insurance policies.
With respect to the revocation of a Totten trust account, EPTL 7-5.2 was enacted to foreclose the frequent litigation over whether the depositor’s conduct had modified or revoked the account. Thus, subdivision (2) of such statute provides that a Trotten trust account may be revoked by the depositor’s will "only by means of * * * an express direction concerning such trust account, which must be described in the will as being in trust for a named beneficiary in a named financial institution”. The IRAs at issue are clearly not the type of account defined in EPTL 7-5.2 since they are not "trust funds” in an account established by a depositor describing himself as a trustee for another. But it is noted parenthetically that the revocation of the IRA beneficiaries in Mr. Morse’s will falls within the spirit and almost the letter of such statute (cf., Matter of Silberkasten, 102 Misc 2d 227).
Subdivision (d) of EPTL 13-3.2, on the other hand, dealing with the rights of beneficiaries to death benefits generally, provides that "[a] designation of a beneficiary or payee to receive payment upon death of the person making the designation or another must be made in writing and signed by the person making the designation”. The statute makes no specific reference to revocation of a beneficiary but it would appear *417 that a change of beneficiary is merely another "designation” and as such requires the same formality.
Although EPTL 13-3.2 does not specifically refer to IRAs at brokerage houses, Mr. Morse’s contracts with Charles Schwab and Fidelity Service Co. contain the same strict requirements with respect to changes of beneficiaries as does subdivision (d) of that statute. Thus, testator agreed not to change the beneficiaries of his accounts except pursuant to the clearly stated procedures in his contract which comply with the requirements of subdivision (d) of EPTL 13-3.2.
However, it is well accepted that the rights of beneficiaries under employee pension plans and insurance policies are simply matters of contract between the parties thereto. To protect the party required to pay the benefit against multiple claims, most, if not all, such contracts set forth stringent conditions for the designation and change of beneficiaries (Matter of Jaccoma, 142 AD2d 875, 877 [3d Dept 1988]; Kane v Union Mut. Life Ins. Co., 84 AD2d 148, 152 [2d Dept 1981], appeal dismissed 57 NY2d 956). Thus, our courts have held that an insurance company may waive the strict requirements of its contract with the insured governing change of beneficiaries (Kane v Union Mut. Life Ins. Co., supra, at 153; Aetna Life Ins. Co. v Sterling, 15 AD2d 334, affd 11 NY2d 959; Considine v Considine, 255 App Div 876; Greenfield v Massachusetts Mut. Life Ins. Co., 253 App Div 51; Moskowitz v Equitable Life Assur. Socy., 252 App Div 75; Rothstone v Norton, 231 App Div 59, affd 256 NY 601; Matter of Wolfe, 47 Misc 2d 124; Martinelli v Cometti, 133 Misc 810).
In Kane v Union Mut. Life Ins. Co. (supra), it was expressly held that despite the provisions of EPTL 13-3.2 an insurance company may waive the requirements of its contract. After testator designated his sons as beneficiaries of his insurance policy, he executed a will in which it was contended that he named his new wife as sole beneficiary of the same policy. Following his death, testator’s widow commenced an action against Union Mutual naming the two sons as parties. The insurance company, pursuant to CPLR 1006, moved for an order permitting it to pay the proceeds of the policy into court. The Second Department held that: "When an insurer becomes a stakeholder, it waives its right to require compliance with the terms of the contract. The contest as to distribution remains solely between the interested claimants and 'the court will exercise equity and seek to do what the insured apparently intended’ ” (84 AD2d, supra, at 154).
*418 Since a party may waive the provisions of its contract and even a beneficial statute such as EPTL 13-3.2, it would appear that such a party may also waive the provisions of an IRA brokerage contract.
In the instant case, it is undisputed that both IRA certificates required written notice to the custodian in order to effectuate a change in beneficiary. Testator’s direction in his will obviously does not comply with that requirement. Therefore, had the custodians elected to enforce their contracts, such provisions in Mr. Morse’s will would not be effective (see, Matter of Dorb, 58 Misc 2d 734; Matter of Ziolkowski, 47 Misc 2d 752; Matter of Stephan, 199 Misc 118). However, the record clearly establishes that both Charles Schwab & Co. and Fidelity Service Co. waived the provisions of their contract with testator. Schwab became a stakeholder by voluntarily depositing the proceeds of the account in court; Fidelity ignored the contract and voluntarily paid the fund to the executrix of the estate of Mr. Morse. Such conduct clearly manifested an intention to waive the strict requirement of their contracts for change of beneficiary.
Under the circumstances, decedent’s intent is the paramount factor to be ascertained. The court is satisfied that such intent is sufficiently established in his will. Mr. Morse’s testamentary scheme is simple and direct. Apart from some personal property to his sister (Article third) and a house to his parents (Article fourth), testator left his entire estate to the Sansum Medical Research Foundation (Articles fifth, sixth, eighth). He expressly stated that the absence of any other gifts to his family was intentional (Article ninth). Finally, the language of Article sixth of the will is not ambiguous. In bequeathing all the IRAs to the Foundation, testator unmistakably identified each account by its exact title, number and custodian’s name.
Based upon the foregoing, the court concludes that Mr. Morse bequeathed the two individual retirement accounts at issue to the Sansum Medical Research Foundation.