MOHAWK AIRLINES, INC., et al., Plaintiffs, v ANN C. PEACH, Individually and as Parent and Natural Guardian of RYAN E. PEACH, an Infant, Respondent; MINGE C. PEACH et al., Appellants.

Fourth Department, March 1, 1978

APPEARANCES OF COUNSEL

*Lockwood & Lockwood (Stephen Lockwood* of counsel), for Robert Peach and another, appellants.

*Hughes, Groben, Liddy, Cardamone & Gilroy (Michael Stephens* of counsel), for Robert Groben, appellant.

*Evans, Severn, Bankert & Peet* for Minge Peach, appellant.

*George F. Aney* for respondent.

**OPINION OF THE COURT**

SIMONS, J. P.

This is a stakeholders' action brought upon an agreed

statement of facts (see CPLR 3222). The parties seek a determination of the proper disposition of $51,904.40 representing the proceeds of two retirement plans maintained by plaintiffs for the benefit of Robert E. Peach, deceased. Mr. Peach was the founder and former chairman of the board of directors of Mohawk Airlines, Inc. He died April 20, 1971. Claimants are Minge C. Peach, decedent's first wife from whom he was divorced on May 27, 1970; the five children of his first marriage; Ann C. Peach, his second wife, individually and as parent and natural guardian of Ryan Peach, an after-born child; and the executor of decedent's estate. The decedent's will left his entire estate to his children and his wife Ann C. Peach has exercised her statutory right of election.

■ The original beneficiary of the retirement plans was decedent's first wife, Minge C. Peach. Her claim was waived, however, by the separation agreement between her and decedent dated May 20, 1970 by which she gave up her claims to "any distributive share, or any claim of any other kind or nature whatsoever, in or to any part of the estate or property [of decedent] * * * so that all of [decedent's] property" could be disposed of as if the parties had never been married. The trial court correctly held* that the separation agreement was a general property settlement, final and complete between the parties and that decedent's first wife waived any claim to the proceeds *(Teachers Ins. & Annuity Assn. of Amer. v Rogers,* 41 AD2d 1020; *O'Brien v Elder,* 250 F2d 275, 278).

That being so, the question is whether decedent made a valid beneficiary designation either of his second wife, Ann C. Peach, or the children of his first marriage. If he did not, the proceeds are payable to his executor under the rules of the retirement plan.

EPTL 13-3.2 (subd [d]) provides that a change in beneficiary must be made in writing and signed by the employee and it must also be agreed to by the employer or made in accordance with the rules prescribed for the retirement plan. Rule 9.3 of the retirement plan required that designations or revocations "shall be made in such form as may be required by the company", and executed, witnessed and received by the company during the lifetime of the member of the plan.

■ We agree with the trial court that the decedent's purported designation of his children as beneficiaries by memo-

---

* *Mohawk Airlines v Peach* (81 Misc 2d 211).

randum dated February 17, 1970 was ineffective because decedent failed to sign it. We find similar infirmities in decedent's apparent efforts to designate Ann C. Peach as beneficiary.

Two memoranda are relied upon, both dated June 25, 1970. The first was entirely typewritten, "To: WBC [the plaintiff's finance office], From: REP [decedent]" and contained instructions to change the beneficiary of decedent's life insurance to Ann C. Peach. The memorandum contains no mention of the retirement plans. Second is a memorandum from plaintiffs' personnel director to "Mr. Peach" and requests that decedent designate the beneficiaries to several listed insurance policies and his retirement plan beneficiary. The decedent initialed each of six insurance policy changes but he failed to initial the entry for the retirement plans.

Because of this omission, plaintiffs' benefit clerk telephoned plaintiffs' personnel director to inquire whether the memorandum naming Ann C. Peach as beneficiary of the several life insurance policies was sufficient to designate her as beneficiary of the retirement plans also. She was told that it was and, on the authority of that telephone advice, the benefits clerk made the appropriate entry designating Ann C. Peach as beneficiary of the retirement plans.

The trial court found that the typed and handwritten initials in these two memoranda were adopted by the decedent as his signature (see General Construction Law, § 46; Uniform Commercial Code, § 1-201, subd [39]). Inasmuch as the signatures appeared in the benefits file, albeit not specifically with reference to the retirement plans, and inasmuch as the company acted upon the memoranda and changed the retirement beneficiary in a way found to be the custom and practice of the personnel office, the court ordered payment of the retirement funds to Ann C. Peach.

■ The writings relied upon were not sufficient to designate Ann C. Peach as beneficiary of the retirement funds because they did not comply with the requirements of EPTL 13-3.2. Whatever may have been decedent's intention, he did not "sign" a change of his retirement plan beneficiary as the statute requires, either by initials or otherwise, and the plaintiffs' employees could not later adopt the initials next to the listed insurance policies as decedent's signature for the purpose of designating Ann C. Peach decedent's retirement plan

beneficiary. The second memorandum, from decedent to "WBC", does not even mention the retirement plan and it may be argued that the fact that it requests only changes in the life insurance policies is evidence that decedent intended to distinguish the life insurance from the retirement plan and make the change only as to the former. The various memoranda corrected by the benefits clerk at Mohawk may or may not be interpreted to show that decedent intended to make Ann C. Peach beneficiary of his retirement benefits. But, even if this evidence shows that decedent intended the change, it is not enough. Such an intention must have been put in writing and signed *by the decedent,* not merely by the benefits clerk (EPTL 13-3.2, subd [d]).

█ Finally, the trial court held that the designation of Ann C. Peach was sufficient notwithstanding the strict requirements of EPTL 13-3.2, because valid under the provisions of subdivision (f) of that same section. Subdivision (f) provides: "This section does not invalidate any contract or designation which is valid without regard to this section." The court held that, disregarding EPTL 13-3.2 (subd [d]), the alleged oral and other informal designations were valid under the retirement plan rules and the company practice. Such informal designations are agreements, promises or undertakings that cannot be completed before the end of a lifetime, however, and are within the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 1); *Bayreuther v Reinisch,* 264 App Div 138, affd 290 NY 553) and signatures appearing on unrelated writings in the benefit file are not sufficient to satisfy the requirements of the statute (cf. *Scheck v Francis,* 33 AD2d 91, affd 26 NY2d 466). The designations must be in writing and subdivision (d) must be applied. The alleged oral designation of Ann C. Peach as beneficiary under the retirement plan was invalid.

The judgment should be modified to direct payment of the proceeds to the executor of decedent's estate and not to Ann C. Peach.

DILLON, HANCOCK, JR., and DENMAN, JJ., concur.

Judgment unanimously modified, on the law and facts, in accordance with opinion by SIMONS, J., and, as modified, affirmed, without costs.