OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the judgment of Supreme Court reinstated.
It is undisputed that the decedent signed a group insurance enrollment and record card in 1978, designating plaintiff (his wife) as beneficiary. At decedent’s request, an employee in the office of the Uniformed Firefighters’ Association, the policyholder, later changed the card by whiting out plaintiff’s name and writing defendant’s name in its place. Decedent did not sign the card at the time this change was made.
Although the lower courts found that this change was made at decedent’s direction and reflected his intent, the lack of a contemporaneous signature by decedent indicating his assent renders the change of beneficiary ineffective under the plain terms of EPTL 13-3.2 (d). The statute plainly requires that the designation of a beneficiary under a group life insurance policy "must be made in writing and signed by the person making the designation” (see, Mohawk Airlines v Peach, 61 AD2d 346). Decedent’s signature, rendered when he originally designated plaintiff as beneficiary, cannot validate his later attempt to change the beneficiary.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
*748 Order reversed, with costs, and judgment of Supreme Court, Orange County, reinstated in a memorandum.