■ BOARD OF EDUCATION OF THE COLD SPRING HARBOR CENTRAL SCHOOL DISTRICT et al., Respondents, v ANTONIA RETTALIATA, as Supervisor of the Town of Huntington, et al., Appellants. (Action No. 1.) BOARD OF EDUCATION OF THE COMMACK UNION FREE SCHOOL DISTRICT, Respondent, v ANTONIA RETTALIATA, as Supervisor of the Town of Huntington, et al., Appellants. (Action No. 7.)—In related actions for moneys had and received, the defendants appeal, (1) in action No. 1, from an order and judgment (one paper) of the Supreme Court, Suffolk County (Brown, J.), dated February 20, 1990, which, *inter alia,* denied their motion to dismiss the complaint, and granted the plaintiffs' cross motion for partial summary judgment on the issue of liability, and (2) in action No. 7, from an order and judgment (one paper) of the same court, also dated February 20, 1990, which, *inter alia,* denied their motion to dismiss the complaint, and granted the plaintiffs' cross motion for partial summary judgment on the issue of liability.

Ordered that the order and judgment in action No. 1 is reversed, on the law, the plaintiffs' cross motion is denied, the defendants' motion is granted, and the complaint is dismissed; and it is further,

Ordered that the order and judgment in action No. 7 is reversed, on the law, the plaintiffs' cross motion is denied, the defendants' motion is granted, and the complaint is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

These appeals involve 11 related actions by various school districts in Suffolk County against tax officials of the towns in which they are located, seeking to recover monetary damages for their alleged repeated failure to disburse collected tax money in a timely fashion. Although it was conceded before the Supreme Court that all the money involved had, in fact, been disbursed, the Supreme Court denied the municipal defendants' motions to dismiss the complaints for failure to state a cause of action, and granted the plaintiff school districts partial summary judgment on the issue of liability. We reverse.

An action for moneys had and received is quasi contractual in nature and is not founded upon any contract, either express or implied. It is an obligation which the law creates in the absence of an agreement when one party possesses money that in equity and good conscience should not be retained and

which belongs to another. It allows the plaintiff to recover money which has come into the hands of the defendant, under a theory of trust because it is against good conscience for the defendant to retain the funds *(see, Parsa v State of New York,* 64 NY2d 143; *Buchanan v Town of Salina,* 270 App Div 1074, *affd* 297 NY 508; *Miller v Schloss,* 218 NY 400; *Strough v Board of Supervisors,* 119 NY 212; *Roberts v Ely,* 113 NY 128). Although this action is grounded in equity and depends upon general principles of equity for the maintenance of the claim and broad considerations of right, justice, and morality apply, it is technically considered an action in law *(see, Parsa v State of New York, supra,* at 148).

Since no right of recovery under this theory exists where the money sought to be recovered has already been paid to the party claiming it *(see, Peirson v Board of Supervisors,* 155 NY 105), and, as previously indicated, it is conceded by the parties and acknowledged by the court that the towns paid to the school districts the full sums owed to them, no action for moneys had and received lies. Accordingly, the complaints do not state a cognizable cause of action for moneys had and received. Moreover, since the plaintiff school districts have not asserted any damages which would otherwise be recoverable against the municipal defendants *(see, Matter of City of New York v Tully,* 55 NY2d 960; *Matter of Brodsky v Murphy,* 25 NY2d 518), the defendants' motions to dismiss the complaints for failure to state a cause of action should have been granted.

In light of our determination, we need not reach the defendants' remaining contentions. Brown, J. P., Kooper, Sullivan and Harwood, JJ., concur.