■ A. F. GREEN & COMPANY, INC., Respondent, v WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. Estate of CECEIL ROSENBLUM, Deceased, Third-Party Defendant-Appellant. [633 NYS2d 5] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered June 30, 1994, awarding plaintiff $100,000 plus interest, costs and disbursements, and bringing up for review an order of the same court and Justice entered on May 27, 1994, granting plaintiff summary judgment, unanimously affirmed, without costs.

The IAS Court properly granted summary judgment awarding plaintiff, as the sole beneficiary, the proceeds of the insurance policy issued by William Penn Life Insurance Company of New York ("William Penn") on the life of decedent Ceceil Rosenblum. The record reveals that the plaintiff established its prima facie entitlement to judgment as a matter of law by the submission of documentary evidence establishing the existence of the policy of insurance, valid and in existence at the time of the decedent's death, designating the plaintiff as the sole beneficiary entitled to the proceeds of the policy. The decedent's estate, in opposing, failed to meet its burden of establishing the existence of a genuine triable issue as to whether the decedent had signed a written request changing the designated beneficiary (*see, Olan v Farrell Lines*, 64 NY2d 1092). The cover sheet on the Multipurpose Policy Service Form forwarded by the insurance carrier, on which a box checked in error indicated that a change of beneficiary rather than a change of ownership of the policy to the decedent was attached, is insufficient, in and of itself, to create a triable issue. The New York Court of Appeals has strictly construed EPTL 13-3.2 (e), which governs the designation of a beneficiary of death benefits, to require "a contemporaneous signature" by the person making the designation (*Androvette v Treadwell*, 73 NY2d 746, 747).

CPLR 3212 (f) authorizes the court to deny summary judgment or grant a continuance pending discovery when facts essential to justify opposition may exist but cannot be stated. However, the decedent's estate has failed to demonstrate that further discovery would yield any facts within the exclusive knowledge of the plaintiff to warrant the denial of summary judgment (*Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163-164). Concur—Rosenberger, J. P., Rubin, Ross, Nardelli and Mazzarelli, JJ.