■ JACQUELINE SCHOZER, Respondent, v WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, Appellant. [648 NYS2d 709]

—In an action, in effect, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), entered November 3, 1995, which, upon a jury verdict in favor of the plaintiff, awarding her the "life insurance" proceeds available under a "conditional receipt" the defendant had issued to her deceased husband, is in favor of the plaintiff and against it in the principal sum of $100,000.

Ordered that the judgment is affirmed, with costs.

In 1985, the plaintiff's late husband, Andrew Schozer, applied for a $150,000 life insurance policy from the defendant. At that time he paid the premium and was issued a "conditional receipt". This receipt provided for payment in the sum of $100,000 in the event Mr. Schozer died prior to the delivery of a life insurance policy, subject, *inter alia*, to the condition that he was an acceptable risk under the defendant's rules. Mr. Schozer died on April 9, 1986, at which time the defendant had neither issued a policy nor rejected his application for life insurance. In July 1986, the plaintiff filed a formal claim for the "insurance" proceeds provided for by the conditional receipt. The defendant responded that "under no circumstances could the policy Mr. Schozer applied for [sic] been approved", and consequently, it returned the premium he had paid. In 1988, the plaintiff commenced the instant action against the defendant. After trial the jury rendered a verdict in favor of the plaintiff, and awarded her the money due under the conditional receipt, plus interest.

"[A] jury verdict [may be set aside] and * * * a new trial [may be granted] when the jury's determination is palpably incorrect and a substantial injustice * * * done if the verdict was sustained" *(Nordhauser v New York City Health & Hosps. Corp.,* 176 AD2d 787, 789). A weight of the evidence analysis involves the discretionary balancing of many factors *(see, Finkel v Benoit,* 211 AD2d 749). The operative factor in a determination that the jury's verdict should be set aside is a finding that the jury could not have reached its verdict by any fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129, 133). Here, there was sufficient evidence in the record to support the jury's conclusion that Mr. Schozer was an acceptable risk who would have qualified for a life insurance policy at the standard rate of premium, and thus, the verdict was not against the weight of the evidence.

In addition, contrary to the defendant's argument, the rate of interest included in the judgment was not improper. Insurance Law § 3214 (which provides for an interest rate of 4.35%)

explicitly applies only to "interest upon proceeds of *life insurance policies*" (emphasis added). However, the conditional receipt was not a life insurance policy, but merely a contract which governed the obligations of the defendant prior to the issuance of the policy. Indeed, a review of the terms of the receipt indicates that it does not comply with the statutorily required provisions for a contract of life insurance, as set forth in Insurance Law §§ 3203 and 3204. Accordingly, the judgment properly included a 9% rate of interest based upon the defendant's breach of contract *(see,* CPLR 5001 [a]; 5004).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Santucci and McGinity, JJ., concur.