■ KITCHEN & BATH CREATIONS, LTD., Appellant, v GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Respondent. [651 NYS2d 466] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about July 7, 1995, which, insofar as appealed from, granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

The parties dispute whether the decedent had the right to change the primary beneficiary of a life insurance policy. We find that it was error for the court to dismiss the complaint on documentary evidence pursuant to CPLR 3211 (a) (1) and (7) solely on the basis of the "Conditional Receipt" submitted by defendant, which concededly does not include the explicit reservation to change the beneficiary. However, a Conditional Receipt is only an interim policy provided during the period that the insurer reviews the application and determines whether the applicant is an acceptable risk. Thus, this document cannot be said to conclusively establish the defense asserted as a matter of law (*see, Leon v Martinez*, 84 NY2d 83, 88), and summary judgment should have been denied. In fact,

before a final policy was ever issued (and shortly before his death), decedent had executed the defendant's standard "Notice of Change of Owner and Designation of Beneficiary" form.

Unlike *Green & Co. v William Penn Life Ins. Co.* (220 AD2d 317), where there was no triable issue of fact in light of documentary evidence establishing an insurance policy "valid and in existence" at decedent's death, in the instant case the nature and insufficiency of the document proffered as well as the existence of defendant's own form executed by decedent and contradicting defendant's claim raise a triable issue to defeat summary judgment. Concur—Murphy, P. J., Milonas, Tom, Williams and Andrias, JJ.