OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, motion denied and complaint reinstated.
Plaintiff commenced suit against defendant municipality seeking a refund of a building application fee in the sum of $9,461.
By way of verified complaint filed November 25, 1995, plaintiff alleged that on or about April 13, 1990, it filed an application with defendant seeking a building permit for a certain parcel of property located in Commack, New York. Said application was accompanied by a fee in the sum of $9,461. According to the complaint, "for reasons unknown to Plaintiff, Defendant never granted said building permit to Plaintiff although it never rejected said application.” Moreover, it is alleged that a written request was made by plaintiff to defendant in May 1994, seeking a refund of the application fee. The record indicates no further written communication between the parties until December 2, 1994. In said correspondence, plaintiff stated that it had not heard from defendant regarding the status of the refund request, and asked for, instead, the granting of the original application for a building permit. It is further alleged that plaintiff lost the subject property in a foreclosure proceeding, and is no longer the owner of record.
According to defendant, after the original application was submitted, a letter was forwarded to plaintiff dated May 25, 1990, which required "revised drawings” of the original building plans, as the first set of plans were not in compliance with the New York State Uniform Fire Prevention and Building Codes. It is defendant’s position that plaintiff ignored this request for revised plans, and that no further action was taken on the matter until the May 1994 request for the return of the application fee.
In an interoffice memorandum dated May 25, 1994, between the Director of Engineering of the Town of Huntington, and *310 the Deputy Director, it was stated: "Because more than four . years past [sic] between the filing date and the refund request, I am hesitant to authorize a claim voucher without review by the Comptroller and the Town Attorney, or, if necessary, without approval by the Town Board.” As previously mentioned, the record indicates no action on the part of either side until plaintiff’s December 2, 1994, letter, which recanted the refund request, and sought the building permit.
In March 1996, plaintiff brought a motion seeking to dismiss defendant’s personal jurisdiction defense and an order of preclusion for defendant’s alleged defective bill of particulars. Defendant cross-moved for summary judgment, arguing, inter alia, that because the action sounded in contract, plaintiff failed to bring the action within 18 months of accrual in accordance with Town Law § 65 (3), thus time barring the claim. The court below, disagreeing with the position of both parties, stated that the cause of action sounded in conversion. Thus, the court wrote: "pursuant to section 67 of the Town Law, plaintiff was required to file a notice of claim and commence the instant action within one year and ninety days from the time defendant refused to refund the application fee, i.e., May, 1994.”
In the case at bar, plaintiff’s complaint "demand[ed] of Defendant that it return to Plaintiff th[e] Building Permit Application Fee in the sum of $9,461.00, previously paid to the defendant.” There is no question that plaintiff paid defendant this money, and that said sum has not been returned. For the reasons set forth below, we disagree with the court’s finding that the claim is one for conversion, and reverse the dismissal of the complaint.
In order to establish a cause of action for conversion of money, the moneys alleged to have been converted by defendant must be specifically identifiable (see, 9310 Third Ave. Assocs. v Schaffer Food Serv. Co., 210 AD2d 207, 208 [2d Dept 1994]; Bankers Trust Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro, 187 AD2d 384, 385 [1st Dept 1992]). More particularly, if "the allegedly converted money is incapable of being 'described or identified in the same manner as a specific chattel’ * * * it is not the proper subject of a conversion action.” (9310 Third Ave. Assocs. v Schaffer Food Serv. Co., supra, at 208, quoting 23 NY Jur 2d, Conversion, § 12, at 218.) Because plaintiff’s complaint only seeks the return of a sum paid to defendant, the court incorrectly determined the action one for conversion.
*311 Further, the action is not one for breach of contract, as defendant argues, since the filing of an application and the paying of a fee for same does not create a contractual relationship, either express or implied, between the parties.
Thus, based upon the facts of this case, we find the complaint in the instant action to be one for moneys had and received. "An action for moneys had and received is quasi contractual in nature and is not founded upon any contract, either express or implied.” (Board of Educ. v Rettaliata, 164 AD2d 900 [2d Dept 1990].) Furthermore, "it is an obligation which the law creates in the absence of an agreement when one party possesses money that in equity and good conscience should not be retained and which belongs to another” (supra, at 900-901). Although technically considered to be an action at law, the maintenance of the claim rests upon the "broad considerations of right, justice, and morality” (supra, at 901; see also, Parsa v State of New York, 64 NY2d 143 [1984], rearg denied 64 NY2d 885 [1985]). Such is the case in the instant matter.
Regardless of the reasons for the delay in requesting a refund of the application fee, or the reasons why communication between the parties ceased for a period of time, the record indicates that the equitable concerns outlined above mandate a return of the application fee. Plaintiff paid a substantial sum for a building permit, said permit was not granted for reasons not wholly clear within the record, and plaintiff’s request for a refund went unanswered. An interoffice memorandum of the defendant proffered in plaintiff’s moving papers tends to establish the knowledge of this fact. However, since the finder of fact would be in a superior position to determine this question, a proper trial should be had to decide the matter.
Therefore, based upon the record before us, we find that the court improperly deemed this action to be one in tort. Plaintiff was neither required to file a notice of claim, nor commence the action within 1 year and 90 days from accrual of the action. More important, since the action was one for moneys had and received, plaintiff was not required to serve a notice of claim upon defendant municipality (see, Stanford Hgts. Fire Dist. v Town of Niskayuna, 120 AD2d 878, 879 [3d Dept 1986]), and plaintiff’s claim is not time barred. Thus, the court improperly granted defendant’s motion for summary judgment.
DiPaola, P. J., Collins and Ingrassia, JJ., concur.