■ YVONNE E. MALONE, Appellant, v NORTH ATLANTIC LIFE INSURANCE COMPANY OF AMERICA, Respondent. [682 NYS2d 760] —Order affirmed without costs. Memorandum: Plaintiff appeals from an order of Supreme Court that granted defendant's motion for partial summary judgment on the issue of the commencement date of the two-year contestability period of a life insurance policy and denied plaintiff's cross motion for summary judgment. Plaintiff's husband (decedent) applied for a $50,000 life insurance policy with defendant on May 7, 1990 and, on that day, tendered the first month's premium and received a "Conditional Premium Receipt" (Receipt). The policy was issued on June 1, 1990. Decedent died from leukemia on May 18, 1992. Plaintiff commenced this action seeking the proceeds of the insurance policy. Defendant answered and asserted an affirmative defense that decedent had concealed the fact that, shortly before applying for the insurance policy, he was diagnosed with leukemia. Defendant further asserted that, had it known of the condition, it would not have issued the policy.

The policy contains a standard two-year incontestability provision. The issue is whether the two years began to run from May 7, 1990, when decedent received the Receipt upon tender of the first month's premium, or whether it began to run on June 1, 1990, the effective date of the policy. We conclude that

the court properly granted defendant's motion for partial summary judgment on the issue of the commencement date and denied plaintiff's cross motion for summary judgment on that same issue. Plaintiff's reliance on the Receipt is misplaced. A conditional receipt is simply a binder that provides for temporary or preliminary insurance, covering the applicant until the insurance company's investigation of insurability is completed (*see*, 1 Couch, Insurance 3d § 13:1, at 13-2—13-4; *see also, Kitchen & Bath Creations v Guardian Life Ins. Co.*, 234 AD2d 157). Plaintiff attempts to bootstrap the Receipt onto the policy itself. The policy, however, does not incorporate by reference the Receipt, and thus defendant is entitled to rely on the effective date of the policy (June 1, 1990) as the commencement of the two-year contestability period (*cf., LaTorre v Connecticut Mut. Life Ins. Co.*, 38 F3d 538; *see also, American Natl. Ins. Co. v Motta*, 404 F2d 167).

All concur except Hayes, J., who dissents and votes to reverse in the following Memorandum.

Hayes, J. (dissenting). I respectfully dissent. As the designated beneficiary under decedent's policy, plaintiff made a claim for the life insurance benefits after decedent's death on May 18, 1992. Defendant waited until that time to contest the policy based on an alleged material misrepresentation made by decedent in the application for insurance. Supreme Court erred in granting partial summary judgment to defendant on the issue of the commencement date of the two-year incontestability provision.

Contrary to the majority, I conclude that the "Conditional Premium Receipt" (Receipt) was not a separate contract of insurance. Indeed, the Receipt could not be construed as a separate contract for life insurance because it did not comply with the statutorily required terms for contracts of life insurance (*see*, Insurance Law §§ 3203, 3204; *Schozer v William Penn Life Ins. Co.*, 232 AD2d 623, *lv denied* 89 NY2d 810). Furthermore, the Receipt stated that it did "NOT PROVIDE TEMPORARY OR IMMEDIATE INSURANCE COVERAGE". Instead, it provided that, as long as five conditions were fulfilled, insurance coverage commenced on the "effective date". According to the terms of the Receipt, the "effective date" of insurance was the latest of the date of the application, the date of the medical examination, or the date of issue requested in the application. There is no evidence of a medical examination or a date of issue requested in the application. Thus, the insurance coverage became effective on May 7, 1990, the date of the application. The Receipt made coverage under the insurance policy effective

prior to delivery of that policy. Instead of coverage beginning June 1, 1990, therefore, decedent was covered under the insurance policy as of May 7, 1990. At the time of his death, decedent had continuous insurance coverage for over two years.

I conclude that, because the Receipt provided the commencement date for coverage under the insurance policy, the Receipt and the policy must be read together in determining the commencement date of the incontestability provision. The Receipt provided that, as long as the insured met the conditions listed in the Receipt, "then insurance, as provided by the terms and conditions of the policy applied for * * * will become effective as of [May 7, 1990]". Thus, one of the terms of the policy, the incontestability provision, was made effective by the Receipt as of May 7, 1990. Because the policy itself provided for a different starting date for the incontestability provision, June 1, 1990, an ambiguity was created (*see, LaTorre v Connecticut Mut. Life Ins. Co.*, 38 F3d 538, 541-542; *Travelers Ins. Co. v Summers*, 696 F2d 1311; *American Natl. Ins. Co. v Motta*, 404 F2d 167, 169 [" '(T)aking together the application, conditional receipt, and policy with the references to one another and their various terms, there exists an ambiguity' "]). That ambiguity must be construed against defendant (*see, Guardian Life Ins. Co. v Schaefer*, 70 NY2d 888, 890). Thus, defendant's opportunity to void the policy on the ground of a material misrepresentation ended on May 6, 1992. (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Hayes and Boehm, JJ.