Peter FREEDMAN, Daniel Freedman, David Fagelson and Sophie Fagelson, as Parents and Guardians of Liam Fagelson and Maive Fagelson and Anthony Kaplan and Marilyn Fagelson as Parents and Guardians of Steven Kaplan, Jeffrey Kaplan, and Colin Kaplan, Plaintiffs,

v.

Estelle FREEDMAN and Frederick Fagelson, as Executor of the Estate of Robert H. Freedman, Deceased, Defendants.

No. CV-99-2652 ADS.

United States District Court, E.D. New York.

Sept. 27, 2000.

Kaplan, Gottbetter & Levinson, LLP by Scott A. Ziluck, New York City, for Plaintiff.

Alan G. Kraut by Robert W. Resnick, Garden City, NY, for Defendant Estelle Freedman.

Frederick Fagelson, Bay Shore, NY, Pro Se Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On May 7, 1999, the Plaintiffs commenced this action against Defendants Estelle Freedman ("Estelle") and Frederick Fagelson, as executor of the estate of Robert Freedman to recover money under various theories of equity. Presently before this Court is Estelle's motion for judgment

on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## BACKGROUND

Robert Freedman ("Robert") married Estelle in April of 1974. In May of 1993, Robert executed a Last Will and Testament ("the 1993 will") that bequeathed most of his estate to her. Sometime in 1994, Robert rolled over the proceeds of a pension and retirement fund in his name into an IRA account (the "Schwab account"), with Estelle named as the beneficiary.

Marital difficulties ensued, and by 1997, the couple had separated and Estelle began divorce proceedings against Robert. In May of 1997, Robert executed a new will ("the 1997 will") that eliminated all bequests to Estelle. However, Robert did not inform his attorney that Estelle was named as beneficiary on the Schwab account. The Plaintiffs allege that Robert assumed and intended that the money in the Schwab account would pass under the residuary clause of the 1997 will.

Robert passed away on September 9, 1998. At the time of his death, the divorce proceedings had not been concluded and Estelle received her statutory spousal share from Robert's estate. The remainder of the estate passed to various relatives by the terms of the 1997 will. However, pursuant to the beneficiary designation on the Schwab account, the contents of that account-- some $693,000--passed to Estelle pursuant to the beneficiary designation on the account.

The Plaintiffs commenced this diversity action, claiming that the mistake of fact and law made by Robert and his attorney in failing to change the beneficiary of the Schwab account unjustly enriched Estelle. They allege that the last few years of the marriage were difficult and marked by frequent arguments between Estelle and Robert over his estate, and that these disputes worsened Robert's poor health. According to the Plaintiffs, Robert wrote the 1997 will specifically with the intent to exclude Estelle from receiving all but her elective share of his estate. They contend that Robert would have named a new beneficiary on the Schwab account had he and/or his attorney realized that these monies would pass to Estelle upon Robert's death. Therefore, they contend that it is "equitable" for this Court to "restore" the money to Robert's residual estate under theories of unjust enrichment and "monies had and received."

## DISCUSSION

In deciding a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the Court must apply the same standard of review as applicable to a motion to dismiss under Rule 12(b)(6). *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994); *Castro v. ARS National Services,* 2000 WL 264310 (S.D.N.Y.2000). A court considering a Rule 12(c) motion must accept the factual complaints set forth in the complaint as true, and all inferences must be drawn in favor of the non-moving party. *Castro,* at *1; *Burns Int'l Sec. Servs. v. International Union, United Plant Guard Workers of Am.,* 47 F.3d 14, 16 (2d Cir.1995); *Walker v. City of New York,* 974 F.2d 293, 298 (2d Cir.1992).

Under New York law, the designation of an IRA beneficiary is governed by § 13-3.2 of New York's Estate Powers and Trusts Law. *See In re Estate of Trigoboff,* 175 Misc.2d 370, 371, 669 N.Y.S.2d 185 (1998). Section 13-3.2 states that a person who is a beneficiary is entitled to receive payment so long as the designation is made in writing and signed by the person making the designation, *Prudential Insurance Company of America v. Rowson,* 1994 WL 455536 (S.D.N.Y.1994); *In re Estate of Ajamian,* 270 A.D.2d 724, 725–26, 705 N.Y.S.2d 704, 706 (3d Dept. 2000). Courts have held that any change to the designation of the beneficiary must be done in writing, accompanied by a contemporaneous signature indicating assent to the change. *See Androvette v. Treadwell,* 73 N.Y.2d 746, 536 N.Y.S.2d 43, 532 N.E.2d 1271 (1988); *A.F. Green & Co. v.*

*William Penn Life Insurance Co.*, 220 A.D.2d 317, 633 N.Y.S.2d ·5 (1st Dept. 1995); *Prudential*, 1994 WL 455536 at *1.

In *McCarthy v. Aetna Life Ins. Co.*, 92 N.Y.2d 436, 440, 681 N.Y.S.2d 790, 793, 704 N.E.2d 557 (1998), the New York Court of Appeals held that an insurance policyholder could change his beneficiary without strictly complying with the terms of EPTL § 13-3.2, by "act or acts designed for the purpose of making the change, though they may fall short of accomplishing it." While the Court found a variety of acts met this threshold of substantial compliance, it expressly held that "general testamentary statements in a will" would not be sufficient. *Id.*, 92 N.Y.2d at 441, 681 N.Y.S.2d at 793, 704 N.E.2d 557, *see also Trigoboff*, 175 Misc.2d at 372, 669 N.Y.S.2d at 187. The Court explained its reasoning for refusing to permit testamentary changes of beneficiary designations as follows:

> To hold that a change in beneficiary may be made by testamentary disposition alone would open up a serious question as to payment of life insurance policies. It is in the public interest that an insurance company may pay a loss to the beneficiary designated in the policy as promptly after the death of insured as may reasonably be done. If there is uncertainty as to the beneficiary upon the death of insured, in all cases where the right to change the beneficiary had been reserved there would always be a question as to whom the proceeds of the insurance should be paid. If paid to the beneficiary, a will might later be probated designating a different disposition of the fund, and it would be a risk, that few companies would be willing to take.

*McCarthy*, 92 N.Y.2d at 441, 681 N.Y.S.2d at 793-94, 704 N.E.2d 557.

■ Here, the Plaintiffs allege no more than mere testamentary statements to support their position that Robert intended to designate someone other than Estelle as beneficiary on the IRA account. In *Trigoboff*, the court stated that "a will that *specifically disposes of an unambiguously*

*identified IRA* or insurance policy may effectively override a beneficiary designation executed prior to the will." 175 Misc.2d at 372, 669 N.Y.S.2d at 187 (emphasis added). Here, the Plaintiffs admit that the 1997 will neither specifically referenced the Schwab account, nor expressly designated a beneficiary other than Estelle for the contents of the account. Under these circumstances, the Court finds that the complaint fails to allege sufficient measures to constitute. substantial compliance with EPTL § 13-3.2. Therefore, the written designation of Estelle as beneficiary of the Schwab account should control the distribution of that account as a matter of law, despite the alleged intentions of Robert.

■ Because the designation of Estelle as beneficiary was legally effective upon Robert's death, the Plaintiffs' causes of action are legally insufficient. The Plaintiffs allege causes of action for unjust enrichment and "monies had and received." To prevail on a claim of unjust enrichment, a plaintiff must demonstrate (i) that the defendant benefitted; (ii) at the plaintiff's expense; and (iii) that "equity and good conscience" require restitution. *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir.2000); *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 905 (2d Cir.1997). A claim for "monies had and received" an equitable claim similar in nature to unjust enrichment, is "an obligation which the law creates in the absence of an agreement when one party possesses money that in equity and good conscience should not be retained and which belongs to another." *Interior by Mussa, Ltd. v. Town of Huntington*, 174 Misc.2d 308, 311, 664 N.Y.S.2d 970, 972 (1997); *Board of Education of Cold Spring Harbor v. Rettaliata*, 164 A.D.2d 900, 559 N.Y.S.2d 758 (2d Dept.1990), *remanded on other grounds*, 181 A.D.2d 648, 581 N.Y.S.2d 1007 (2d Dept.1992).

■ Here, Robert executed a valid written instrument designating Estelle as beneficiary of the Schwab IRA account. Quasi-contractual claims are not permitted when a valid and legally enforceable instrument

exists to govern the events that arise out of the subject matter. *See MacDraw v. The CIT Group Equipment Financing, Inc.*, 157 F.3d 956, 964 (2d Cir.1998); *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 60 (2d Cir.1997); *Clark–Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987). Thus, the Plaintiffs may not seek an equitable quasi-contractual remedy to defeat the legal consequences of Robert's express beneficiary designation under EPTL § 13-3.2.

## CONCLUSION

For the reasons stated above, the motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED. The complaint is dismissed in its entirety, and the Clerk of the Court is directed to close this case.

**SO ORDERED.**