### In re: SAHUARO PETROLEUM & ASPHALT COMPANY, Debtor,

**David R. Haberbush, Chap 7 Trustee, Appellant,**

v.

**Clark Oil Trading Company, a Missouri general partnership; NIC, Inc., a Missouri Corporation; GIC, Inc., a Missouri corporation, Appellees.**

### In re: Sahuaro Petroleum & Asphalt Company, Debtor,

David R. Haberbush, Chap 7 Trustee, Appellant,

v.

Paribas, a French corporation, f/k/a Banque Paribas, Appellee.

Nos. 01–55963, 01–55967.
D.C. Nos. CV–00–11579–DT,
CV–00–11580–DT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 1, 2002.

Decided April 22, 2002.

Before FERNANDEZ and RAWLINSON, Circuit Judges, and

SHEA,* District Judge.

## MEMORANDUM **

David R. Haberbush, trustee in bankruptcy for Sahuaro Petroleum & Asphalt Company, appeals the district court's dismissal of his action against Clark Oil Trading Company (COTC) and Paribas Corporation. *See* Fed.R.Civ.P. 12(b)(6). We affirm.

While the parties use a flood of ink on a congeries of issues, the answer to one of those issues effectively disposes of them all. To make a long story short: Sahuaro, the wholly owned subsidiary of Edgington Oil Co., issued guaranties of Edgington's debts to COTC, subject to certain limitations involving Sahuaro's benefit from the loans and Sahuaro's net worth.[1] Those constituted the guaranty promises. In separate security agreements, Sahuaro also promised that its receipts from the sale of its products would, in effect, go to COTC, which was authorized to apply them to payment of the principal and interest owed by Edgington on the loans but which could also elect to return all or a portion to Sahuaro. These were the payment promises. COTC applied most of the receipts to the payment of the loans, but gave some back to Sahuaro. After Sahuaro went into bankruptcy, Haberbush brought this action.[2]

Haberbush claims that COTC breached its contract with Sahuaro.[3] The usual breach of contract elements (agreement, consideration, performance by plaintiff, breach by defendant and damages) apply here. *See Kreiss v. McCown DeLeeuw & Co.,* 37 F.Supp.2d 294, 298 (S.D.N.Y.1999); *Deichmann v. Boeing Co.,* 38 F.Supp.2d 783, 786 (E.D.Mo.1998). The question before us is whether Haberbush effectively alleged a breach. In determining that, we recognize that we can, and should, construe the separate agreements together. *See N. Am. Sav. Bank v. Resolution Trust Corp.,* 65 F.3d 111, 114 (8th Cir.1995) (Missouri law); *Carvel Corp. v. Diversified Mgmt. Group, Inc.,* 930 F.2d 228, 233 (2d Cir.1991) (New York law). We must then consider whether, as pled, there is an ambiguity which can propel Haberbush beyond the pleading stage. *See Rosemann v. Roto–Die, Inc.,* 276 F.3d 393, 399 (8th Cir.2002) (Missouri law); *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.,* 252 F.3d 608, 616–17 (2d Cir.2001) (New York law). The guaranty promises and the payment promises are two different sets of promises, which do not depend on each other for interpretation or performance. Nothing in the agreements, and nothing Haberbush has pled, even begins to suggest that one of them limits the other one. Rather, it is plain that the payment promise assured that Edgington's debt would be reduced over time by use of its subsidiary's receipts, while the guaranty promise assured that Sahuaro's assets would also

---

* The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. What we say about COTC applies equally to Paribas.

2. The trustee first tried to propound turnover claims, but that effort was untimely and

failed. *See Haberbush v. Clark Oil & Trading Co. (In re Sahuaro Petroleum & Asphalt Co.),* 89 F.3d 846, 1996 WL 218180 (9th Cir.) (unpublished disposition), *cert. denied,* 519 U.S. 992, 117 S.Ct. 481, 136 L.Ed.2d 376 (1996).

3. In accord with the choice of law provisions in the agreements, we must apply Missouri law to the claims against COTC and New York law to the claims against Paribas.

be available under certain circumstances. Because the guaranty promises did not limit the payment promises, COTC did not breach its agreement with Sahuaro when it applied the funds to Edgington's debt.

■ Haberbush does point to the fact that the implied covenant of good faith and fair dealing applies to these contracts. *See Countrywide Servs. Corp. v. SIA Ins. Co., Ltd.*, 235 F.3d 390, 393 (8th Cir.2000) (Missouri law); *Filner v. Shapiro*, 633 F.2d 139, 143 (2d Cir.1980) (New York law). But that avails him nothing because the complaint does not allege bad faith (indeed, Haberbush conceded that he could not plead bad faith), and, at any rate, all COTC did was allocate the payments in precisely the manner that Sahuaro agreed it could. The implied covenant cannot be used to obliterate the express terms of a contract. *See Third Story Music, Inc. v. Waits*, 41 Cal.App.4th 798, 804, 808, 48 Cal.Rptr.2d 747, 750, 753 (1995) (a California case upon which both parties ask us to rely). There could not have been a breach of the covenant of good faith and fair dealing.

■ The same follows as to the various common counts, each of which must draw sustenance from the notion that it would be inequitable for COTC to retain the amounts it obtained due to the payment promises. *See Dickey v. Royal Banks of Mo.*, 111 F.3d 580, 583 (8th Cir.1997) (Missouri law); *Morgan Guar. Trust Co. of N.Y. v. Am. Sav. & Loan Ass'n*, 804 F.2d 1487, 1492 (9th Cir.1986) (New York law); *New Paradigm Software Corp. v. New Era*

*of Networks, Inc.*, 107 F.Supp.2d 325, 328–29 (S.D.N.Y.2000); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F.Supp. 1338, 1344 (E.D.Mo.1996); *Karpierz v. Easley*, 68 S.W.3d 565, 570 (Mo. App. W.D.2002); *Mfrs. Hanover Trust Co. v. Chem. Bank*, 160 A.D.2d 113, 117, 559 N.Y.S.2d 704, 707–08 (1990). The difficulty that inheres in Haberbush's other claims affects these claims also. In order to show inequity, Haberbush would have to point to some unfairness in the application of the payments by COTC. But that would require that Haberbush show that application of the funds was somehow limited by the guaranty promises. He cannot use that contrafactual premise to recover on common counts where the payments themselves were pursuant to a contact entered into and performed in good faith according to its own terms. *See Freedman v. Freedman*, 116 F.Supp.2d 379, 381–82 (E.D.N.Y. 2000); *New Paradigm*, 107 F.Supp.2d at 329; *Krupnick & Assocs., Inc. v. Hellmich*, 378 S.W.2d 562, 569–70 (Mo.1964); *Justus v. Webb*, 634 S.W.2d 567, 570 (Mo. Ct.App.1982); *W. End Interiors, Ltd. v. Aim Const. & Contracting Corp.*, 286 A.D.2d 250, 252, 729 N.Y.S.2d 112, 115 (2001).[4]

AFFIRMED.

---

4. Haberbush asserts that the district court should have allowed him to amend again. However, he had many opportunities to amend during the seven years since this action was filed, and based on the plain facts already pled, amendment would have been futile. The district court did not abuse its discretion. *See W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir.1991); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373–74 (9th Cir.1990). In addition, COTC should not have to continue to bear the brunt of Haberbush's flailing about in his attempt to, as the district court indicated, fit square fact pegs into round legal holes. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.1994).