Appeal from an order of the Surrogate’s Court, Suffolk County (John M. Czygier, Jr., S.), dated March 24, 2015. The order denied the petitioner’s motion for summary judgment on the petition and granted the respondent’s cross motion for summary judgment dismissing the petition.
 

 Ordered that the order is affirmed, with costs.
 

 The decedent, Bernadette Agnes Walker, was employed by the respondent, Long Island University (hereinafter LIU), from 1977 until her death in 2009. At the time of her death, she was the Dean of Students at LIU’s Brooklyn campus. Since 1946, LIU has offered a death benefit to be paid when an LIU administrator dies while actively employed by LIU. The death benefit, which was initiated by LIU as a showing of “goodwill,” was funded solely by LIU. LIU employees were not required to enroll in the death benefit in order to receive it. LIU’s policy was to pay the death benefit to a surviving spouse or, in the absence thereof, to the individual designated as the beneficiary of the group term life insurance policy. It is undisputed that the decedent executed a beneficiary designation form in 1977 naming her sister as the beneficiary of the life insurance policy, that the decedent had no surviving spouse, and that there was no separate beneficiary designation form for the decedent’s death benefit. Upon the decedent’s death, LIU paid the death benefit to the decedent’s sister.
 

 In February 2012, the administrator of the decedent’s estate petitioned for the turnover of the death benefit to the estate. The petitioner alleged that pursuant to EPTL 13-3.2, in the absence of a separate beneficiary designation for the death benefit, the death benefit should have been paid to the estate, to be distributed pursuant to the rules of intestacy. LIU moved pursuant to CPLR 3211 (a) to dismiss the petition, which was granted by order dated July 19, 2012. The petitioner appealed and this Court reversed that order (see Matter of Walker, 117 AD3d 838 [2014]). The petitioner subsequently moved for summary judgment on the petition and LIU cross-moved for summary judgment dismissing the petition. By order dated March 24, 2015, the Surrogate’s Court denied the petitioner’s motion and granted LIU’s cross motion. The petitioner appeals.
 

 LIU satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating, through the testimony of John Doran, LIU’s Director of Employee Benefits, and the affidavit of Mary M. Lai, LIU’s Treasurer, that the death benefit was ancillary to the group term life insurance policy, that the decedent designated her sister as the beneficiary of the life insurance policy in 1977, and that LIU paid the death benefit to the decedent’s sister in accordance with its policy of paying the death benefit to the individual designated as the beneficiary of the life insurance policy in the absence of a surviving spouse (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). LIU also submitted a brochure entitled “Benefits at a Glance,” which contained a description of the death benefit under the heading “Group Term Life Insurance,” as evidence that the death benefit was ancillary to the group term life insurance policy. In opposition, the petitioner failed to raise a triable issue of fact as to whether, pursuant to EPTL 13-3.2, LIU was required to pay the death benefit to the estate. The cases relied upon by the petitioner are inapposite because they all arise out of an ineffectual attempt by a decedent to change a beneficiary designation (see McCarthy v Aetna Life Ins. Co., 92 NY2d 436 [1998]; Androvette v Treadwell, 73 NY2d 746 [1988]; Mohawk Airlines v Peach, 61 AD2d 346 [1978]), whereas here, no separate beneficiary designation existed for the death benefit, since that benefit was ancillary to the group term life insurance policy. For the same reasons, the petitioner failed to meet his prima facie burden on his motion for summary judgment on the petition.
 

 Accordingly, the Surrogate’s Court properly denied the petitioner’s motion for summary judgment on the petition and properly granted LIU’s cross motion for summary judgment dismissing the petition.
 

 Leventhal, J.P., Chambers, Maltese and Duffy, JJ., concur.