Matter of Durcan (2018 NY Slip Op 07241)





Matter of Durcan


2018 NY Slip Op 07241


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Acosta, P.J., Friedman, Kapnick, Webber, Moulton, JJ.


7506 4296C/14

[*1]In re Joan Durcan, Deceased.
In re James Kevin Durcan, Petitioner-Respondent,
v
Mary Anne Cunney, Respondent-Appellant, Morgan Stanley Smith Barney, LLC, Respondent.


Mahon, Mahon, Kerins & O'Brien, LLC, Garden City (Robert P. O'Brien of counsel), for appellant.
Greenfield Stein & Senior, LLP, New York (Angelo M. Grasso of counsel), for respondent.



Appeal from order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about April 11, 2018, which granted petitioner's motion for summary judgment directing respondents to turn over to him the proceeds of the individual retirement accounts (IRAs) owned by the decedent at the time of her death, and denied respondent Cunney's cross motion for summary judgment dismissing the petition, deemed appeal from decree, entered on or about August 3, 2018, directing respondents to turn over to petitioner all assets in the IRAs owned by the decedent at the time of her death, and, so considered, said decree unanimously affirmed, without costs.
The Surrogate correctly determined that, despite the decedent's clear intent to designate respondent Cunney as the beneficiary of her IRAs, Cunney is not entitled to the proceeds of the IRAs in the absence of a signed change of beneficiary form (see EPTL 13-3.2[e][1] ["A designation of a beneficiary or payee to receive payment upon death of the person making the designation . . . must be made in writing and signed by the person making the designation"]; Androvette v Treadwell, 73 NY2d 746 [1988]).
Citing the doctrine of substantial compliance, Cunney argues that Morgan Stanley's Client Data Form for New Personal Accounts filled out in the decedent's handwriting is sufficient to satisfy the requirement of a signed writing, as that document did not require a signature. However, she cites no authority for excusing the signed writing requirement in the context of a retirement account. Indeed, as the Surrogate noted, even in the insurance context, where strict compliance is not always required (see McCarthy v Aetna Life Ins. Co., 92 NY2d 436, 440 [1998]), this Court has rejected the contention that an insured's specific testamentary disposition of an insurance policy in a will constitutes substantial compliance with the policy's requirements for effecting a change in the beneficiary of the policy (see Lincoln Life & Annuity Co. of N.Y. v Caswell, 31 AD3d 1, 7 [1st Dept 2006]).
Cunney argues that the beneficiary designation form, which was part of a second set of documents sent to Morgan Stanley, may have been lost in the mail or in Morgan Stanley's offices. This argument is purely speculative, as there is no evidence that the decedent actually mailed the form. The decedent's financial advisor and his assistant testified that the decedent said she was going to send the form, but it is undisputed that the form could not be located in the [*2]decedent's apartment or Morgan Stanley's offices.
We have considered Cunney's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK